**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 9 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| IMDAD ULLAH, | No. 19-70087 |
| Petitioner, | Agency No. A216-273-533 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 9, 2021
San Francisco, California

Before: BERZON, CHRISTEN, and BADE, Circuit Judges.

Imdad Ullah, a native and citizen of Pakistan, petitions for review of the

Board of Immigration Appeals' ("BIA") dismissal of his appeal from an

Immigration Judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). Ullah

fears harm from the Taliban because he worked for the Pakistani government

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

distributing polio vaccines. We review the agency's "legal conclusions de novo and its factual findings for substantial evidence." *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc) (citations omitted). Exercising jurisdiction under 8 U.S.C. § 1252, we deny the petition for review as to Ullah's CAT claim, grant the petition as to Ullah's claims for asylum and withholding of removal, and remand.

1. Substantial evidence supports the BIA's denial of Ullah's CAT claim. The record does not compel the conclusion that it is more likely than not that he will be tortured by or with the consent or acquiescence of a public official if removed to Pakistan. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1033–34 (9th Cir. 2014). Ullah contends that because he was "threatened with death by" the Taliban, "a group fully capable of carrying its threats out," it is "more likely than not that he would be tortured in the future." But "[a] government does not acquiesce in the torture of its citizens merely because it is aware of torture but powerless to stop it." *Id.* at 1034 (alteration in original) (quoting *Mouawad v. Gonzales*, 485 F.3d 405, 413 (8th Cir. 2007)). And the record supports the agency's finding that, rather than inflicting or acquiescing in any torture, the Pakistani government endeavored to protect polio workers from violence committed by the Taliban by enhancing security and investigation measures.

2. With respect to Ullah's asylum and withholding of removal claims,

substantial evidence does not support the BIA's conclusion that Ullah failed to establish past persecution.

First, the BIA erred in concluding that the harm suffered by Ullah in Pakistan did not rise to the level of past persecution. Ullah received two "specific and menacing" death threats from the Taliban, *Mashiri v. Ashcroft*, 383 F.3d 1112, 1119 (9th Cir. 2004), one of which was left at his family's home and caused him to flee that same day. *See Mendoza-Pablo v. Holder*, 667 F.3d 1308, 1314 (9th Cir. 2012). After Ullah fled, the Taliban beat his father and brother to extract information about Ullah's whereabouts and vandalized their family home. *See Kaur v. Wilkinson*, 986 F.3d 1216, 1227 (9th Cir. 2021) ("Death threats alone can constitute persecution, and '[v]iolence directed against . . . family members provides support for a claim of persecution and in some instances is sufficient to establish persecution.'" (alterations in original) (internal citations omitted)); *Mashiri*, 383 F.3d at 1120–21. The "totality of the circumstances" compels the conclusion that the harm Ullah suffered rose to the level of persecution. *Guo v. Ashcroft*, 361 F.3d 1194, 1203 (9th Cir. 2004).

Second, the BIA erred in concluding that Ullah failed to meet his burden of establishing that the "persecution was committed by the government, or by forces

3

that the government was unable or unwilling to control."[1] *Bringas-Rodriguez*, 850 F.3d at 1062 (citation omitted). While substantial evidence supports the BIA's determination that the Pakistani government was not "unwilling" to protect Ullah from the Taliban given its efforts to safeguard polio workers and investigate crimes committed against them, the record compels the finding that it was "unable" to do so. "Willingness to control persecutors notwithstanding, authorities may nevertheless be 'powerless to stop' them because of a 'lack of . . . resources or because of the character or pervasiveness of the persecution.'" *J.R. v. Barr*, 975 F.3d 778, 782 (9th Cir. 2020) (omission in original) (internal citations omitted). That is the case here. Even with Pakistan's implementation of increased security measures, polio vaccinators continue to be routinely targeted for deadly violence by the Taliban, especially in the remote Federally Administered Tribal Area (FATA), where Ullah resided and which lacks formal law enforcement entities and infrastructure to combat the Taliban.

Therefore, we conclude that the BIA erred in determining that the harm Ullah suffered in Pakistan did not rise to the level of past persecution and in

---

[1] We do not address the parties' arguments concerning *Matter of A-B-*, 27 I. & N. Dec. 316 (A.G. 2018) ("*A-B- I*"), and *Matter of A-B-*, 28 I. & N. Dec. 199 (A.G. 2021) ("*A-B- II*"), because the Attorney General has since vacated those opinions "in their entirety." *Matter of A-B-*, 28 I. & N. Dec. 307, 309 (A.G. 2021). Accordingly, they do not apply on remand. *See id.* ("[I]mmigration judges and the [BIA] should no longer follow *A-B- I* or *A-B- II* when adjudicating pending or future cases.").

concluding that the government of Pakistan was not "unable or unwilling to control" the Taliban. Accordingly, we grant the petition as to Ullah's asylum and withholding of removal claims.[2] Because the record before the BIA compelled the conclusion that Ullah established past persecution on account of a protected ground, thereby triggering a rebuttable presumption of a well-founded fear of future persecution, we remand to the BIA for consideration in the first instance of whether the presumption has been rebutted. *See Bringas-Rodriguez*, 850 F.3d at 1076; *see also INS v. Orlando Ventura*, 537 U.S. 12, 16–18 (2002) (per curiam).

Costs on appeal are awarded to Petitioner.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**

---

[2] We deny as moot the government's unopposed motion to remand, filed at Dkt. 43, and its amended motion to remand, filed at Dkt. 60.